**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Edgar F. BRADLEY; Edgar Francis Bradley, II; Roy Claudius Bradley, Defendants–Appellants.**

No. 99–3765, 99–3767, 99–3769.

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2001.

Before MOORE and COLE, Circuit Judges; ROSEN, District Judge.*

In this consolidated appeal, Edgar F. Bradley ("Edgar I"); Edgar Francis Bradley, II ("Edgar II"); and Roy Claudius Bradley ("Roy Claudius"), tax protestors proceeding pro se, appeal their judgments of conviction and sentence. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Edgar I and Edgar II were each convicted by a jury of one count of conspiracy to defraud the United States and three counts of willful failure to file income tax returns, violations of 18 U.S.C. § 371 and 26 U.S.C. § 7203, respectively. The jury convicted Roy Claudius of one count of each of these crimes. Edgar I was sentenced to 60 months of imprisonment to be followed by three years of supervised release. He was fined $150,000. Edgar II was sentenced to 57 months of imprisonment to be followed by three years of supervised release; he was fined $145,000. Roy Claudius was sentenced to 46 months of imprisonment to be followed by three years of supervised release, and he was fined $118,500. Each defendant was ordered to pay $635,925 in restitution.

On appeal, the Bradleys raise only frivolous tax-protestor arguments or patently meritless contentions. For example, Edgar I argues that: (1) neither he, nor most Americans, has any taxable income; (2) the prosecutor committed a fraud upon the court because the income tax is voluntary, therefore, no crime exists in this case; and (3) the grand jury indictment was not presented in open court and is therefore defective, and the district court had no jurisdiction. Edgar I also plays the "name game," contending that "Edgar Francis; Bradley" is a natural born man of the State of Ohio, while "Edgar F. Bradley" is merely a corporate fiction. Edgar II essentially reasserts the arguments of Edgar I, while adding, without supporting argument, that the Supreme Court's recent decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), somehow compels a reversal of the Bradleys' convictions. Edgar II also adds a contention that *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), demonstrates that Congress lacks the power to tax income. Finally, Roy Claudius plays the name game using variations involving capital letters, he re-

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

peats the arguments of his codefendants, and he argues that there is no "meeting of the minds" among the statutes and regulations that authorize the income tax.

These arguments have been rejected as frivolous in previous cases, *See, e.g., United States v. Mundt,* 29 F.3d 233, 237 (6th Cir.1994) (citing cases), or are patently meritless.

Accordingly, all pending motions are denied, and we affirm the judgments of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.